IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK07-42271-TLS |
| GARY M. & JOYCE BURIVAL, ) | BK07-42273-TLS |
| ) | |
| RICHARD BURIVAL and PHILIP BURIVAL, ) | JOINTLY ADMINISTERED |
| d/b/a BURIVAL BROTHERS, a partnership, ) | |
| ) | A10-4069-TLS |
| Debtor(s). ) | |
| RICK D. LANGE, Chapter 11 Trustee, ) | CHAPTER 11 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RICHARD BURIVAL; PHILLIP BURIVAL; ) | |
| MATTHEW BURIVAL; MICHAEL ) | |
| BURIVAL; ANDREW BURIVAL; and GARY ) | |
| M. BURIVAL and LARRY BURIVAL as co- ) | |
| personal representatives of the ESTATE OF ) | |
| EDWIN R. BURIVAL, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the court on the motion for partial summary judgment by defendants Matthew Burival, Michael Burival, and Andrew Burival (Fil. No. 17); joinder in the motion by defendants Gary M. Burival, Richard Burival, Phillip Burival, and Larry Burival (Fil. No. 28); and resistance by the plaintiff (Fil. No. 29). John C. Hahn, John A. Lentz, and David P. Lepant represent the defendants, and Brian S. Kruse represents the plaintiff.

The motion is denied.

The Chapter 11 trustee filed this adversary proceeding to recover for the bankruptcy estate the interests of debtors Richard and Phillip Burival in certain real estate which they allegedly inherited. The main issue in the lawsuit is whether Richard and Phillip's renunciation of the distribution was sufficient to remove it from the bankruptcy estate.

Gary Burival and Larry Burival are the sons of the late Edwin and Orletha Burival. The other defendants are Edwin and Orletha's grandsons. Edwin and Orletha owned land in Holt County, Nebraska, as tenants in common. Orletha passed away on July 28, 2008, and Edwin was appointed personal representative of her estate. Under the terms of her will, her undivided one-half interest in

the 560 acres at issue was to be distributed in equal shares to grandsons Richard, Phillip, Matthew, Michael, and Andrew Burival subject to a life estate in Edwin.

In March 2009, just days after the plaintiff was appointed to be the Chapter 11 trustee for these cases, Richard and Phillip executed and filed a renunciation with the Holt County Court purporting to refuse to accept any interest in the real estate. In July 2009, Edwin distributed Orletha's one-half interest to Matthew, Michael, and Andrew. Edwin passed away on April 10, 2010, and Gary and Larry were appointed co-personal representatives of his estate.

The trustee seeks to have the renunciations declared to be of no legal effect and the real estate found to be part of the debtors' bankruptcy estate; to avoid the transfer of Richard and Phillip's interests in the real estate; to recover the property or its value from Matthew, Michael, and Andrew on the grounds that, by accepting the debtors' shares, they converted the income from the real estate as well as the trustee's right to disclaim the inheritance; and to sell the defendants' entire interests in the real estate.

Matthew, Michael, and Andrew now move for partial summary judgment on the issue of conversion, arguing that it applies only to personal property, not to real property or to interests in real property. Moreover, they argue, they did not intentionally exercise control over or harm the property.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The following facts are uncontroverted:

1. Defendants Gary, Richard, and Phillip Burival filed the underlying Chapter 11 cases on November 29, 2007.

2. Plaintiff Rick D. Lange was appointed to be the trustee for these cases effective March 2, 2009, pursuant to an application filed by the United States Trustee at Filing No. 1003, which was approved by Order at Filing No. 1034.

3. The trustee has the authority and the duty to liquidate assets of the bankruptcy estate.

4. This action concerns the following described real estate:

The North Half, the Southeast Quarter, and the East Half of the Southwest Quarter of Section 5, Township 29 North, Range 11 West of the 6th P.M. in Holt County, Nebraska.

5. According to Article X of Orletha Burival's Last Will and Testament, her one-half interest in the subject real estate was to be distributed to Richard Burival, Phillip Burival, Matthew Burival, Michael Burival, and Andrew Burival, subject to the life estate of Edwin R. Burival.[1]

6. On or about March 6, 2009, after the effective date of the appointment of the plaintiff as trustee, debtors Richard Burival and Phillip Burival each executed and filed a document titled "Renunciation" with the County Court of Holt County, Nebraska, purporting to refuse to accept in whole or in part the subject real estate, under the provisions of Neb. Rev. Stat. § 30-2352 and Internal Revenue Code § 2518.

7. Edwin R. Burival, as personal representative of Orletha's estate, purported to distribute Orletha's one-half interest in the real estate to Matthew Burival, Michael Burival, and Andrew Burival, subject to the life estate in himself, by deed dated July 17, 2009, and Correction Deed of Distribution dated July 31, 2009, filed with the Holt County Register of Deeds on August 3, 2009, at Book 199 of Deeds, Page 330.

"Conversion is any unauthorized or wrongful act of dominion exerted over another's personal property which deprives the owner of his property permanently or for an indefinite period of time." *Wolf v. Walt*, 530 N.W.2d 890, 897 (Neb. 1995). "The plaintiff must establish a right to immediate possession of the property at the time of the alleged conversion. In other words, 'the essence of conversion is not acquisition by the wrongdoer, but the act of depriving the owner wrongfully of the property.'" *Zimmerman v. FirsTier Bank, N.A.*, 585 N.W.2d 445, 451-52 (Neb. 1998) (citing *PWA Farms v. N. Platte State Bank*, 371 N.W.2d 102 (Neb. 1985); *Prososki v. Commercial Nat'l Bank*, 365 N.W.2d 427 (Neb. 1985); and *Terra W. Corp. v. Berry & Co.*, 295 N.W.2d 693, 696 (Neb. 1980)).

The defendants are correct that the tort of conversion applies to personal property, not to real property. However, it does not appear that the trustee's allegation of conversion focuses on the actual transfer of the real estate so much as it focuses on the debtors' exercise of dominion and control over the right to decide whether to accept or renounce the devise. Which party had the

---

[1] For reasons that are unclear from the record, title to the northwest quarter of Section 5-29-11 did not pass according to the terms of Orletha's will, but instead was transferred to Edwin and Orletha's two daughters via deeds recorded on December 11, 2008. They in turn transferred it to Matthew, Michael, and Andrew via a deed recorded on October 2, 2009.

authority to exercise that property right is the sum and substance of this adversary proceeding, and necessitates findings as to the interrelationship between the scope of property of the bankruptcy estate and Nebraska law on renunciation of succession. That issue is not before the court on this motion, so it will not be decided here.

IT IS ORDERED: The motion for partial summary judgment by defendants Matthew Burival, Michael Burival, and Andrew Burival (Fil. No. 17) is denied.

DATED: March 15, 2011.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Brian S. Kruse
    John C. Hahn
    *David P. Lepant
    *John A. Lentz
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.